JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PAUL CLARK

## DEFENDANTS

ALBRIGHT COLLEGE

**(b)** County of Residence of First Listed Plaintiff    BERKS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    BERKS
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
STANLEY J. BRASSINGTON, ESQUIRE
120 EAST MAIN STREET
SCHUYLKILL HAVEN, PA 17972    (570) 385-5500

Attorneys *(If Known)*
JOHN W. ROLAND of ROLAND STOCK LAW OFFICES
627 N. 4TH STREET, P.O.BOX 902
READING PA  19601    (610) 372-5588

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S.C. TITLE 28 SECTION 1131, 42 U.S.C. 1983

Brief description of cause:
VIOLATION OF CIVIL RIGHTS BASED UPON AGE, RELIGION, SEX, AND RETAILTORY DISCHARGE

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $  500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE    06/13/2019

SIGNATURE OF ATTORNEY OF RECORD
ss// Stanley J. Brassington, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: *Reverend Paul CLARK, 915 N.5th St. Apt 2, Reading, PA*

Address of Defendant: *Albright College, 1621 North thirteenth St., Reading, PA.*

Place of Accident, Incident or Transaction: *Albright College Campus Address.*

---

**RELATED CASE, IF ANY:** *N/A*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: *6/13/19* _____ _____52302_____
                  Attorney-at-Law / Pro Se Plaintiff      Attorney I.D. # (if applicable)

---

**CIVIL: (Place a ✓ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, *Stanley J. Brassington*, counsel of record *or pro se plaintiff*, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: *6/13/19* _____ _____52302_____
                  Attorney-at-Law / Pro Se Plaintiff      Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Reverand Paul Clark          :          CIVIL ACTION

                             :

                             :

v.                           :

Albright College             :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

___6/13/19___          _Steven M Zaren_          _____          Attorney for _Plantiff._

**Date**          **Attorney-at-law**          **Attorney for**

(570)385-5500          (570) 385-3883          _hzarslaw@cs.com_

**Telephone**          **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REVEREND PAUL CLARK        :
     Plaintiff               :
                             :     CASE NO.:_____
  v.                        :
                             :     Honorable Judge _____
ALBRIGHT COLLEGE        :
     Defendant            :

---------------------------------------------------------------------------------------------------

# COMPLAINT—CIVIL ACTION

## <u>NATURE OF THE CLAIM</u>

1.     This is an action involving discrimination based on disabilities in violation of Civil Rights Act.

2.     This action also involves harassment, retaliation, and wrongful discharge of Plaintiff as an employee of the Defendant based on a disability.

3.     This action also involves harassment, retaliation, and wrongful discharge of Plaintiff as an employee of the Defendant based on age.

4.     This action also involves harassment, retaliation, and wrongful discharge of Plaintiff as an employee of the Defendant based on sex.

5.     This action also involves harassment, retaliation, and wrongful discharge of Plaintiff as an employee of the Defendant based on religion.

6.     This action also involves retaliation as the result of uncovering and encouraging the reporting of criminal conduct of Defendant, resulting in wrongful discharge of Plaintiff as an employee of the Defendant based on an actor of whistle blowing.

## JURISDICTION

7.     This Honorable Court has jurisdiction of the federal subject matter asserted here pursuant to U.S.C. Title 28 §1331, which gives the district courts original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

8.     This Honorable Court has jurisdiction under the American with Disability Act, Title I. Employment as asserted here giving jurisdiction in civil actions over discrimination in the employment relationship.

9.     This Honorable Court also has jurisdiction of the federal subject matter asserted here pursuant to 42 U.S.C. §1983, for violation of Civil Rights.

## VENUE

10.     This Honorable Court has supplemental jurisdiction over any question or claim in this action arising under the laws of the Commonwealth of Pennsylvania pursuant to the principles of pendent jurisdiction.

## PARTIES

11.     Plaintiff, Reverend Paul Clark (hereinafter "CLARK") is an adult individual who at all times relevant hereto, did reside and intend to be domiciled at 715 N. 5th Street, Apt. 2, Reading, County of Berks, Commonwealth of Pennsylvania.

12.     Defendant, Albright College, (hereinafter "ALBRIGHT") is a private non-profit domestic corporation with a principle business address and domiciles at 1621 North Thirteenth Street, Reading, County of Berks, Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

13.     Plaintiff Clark is an Ordained Minister of the United Church of Christ.

14.     Plaintiff began his employment with Albright as a Library clerk in or around September 1975.

15.     Plaintiff Clark took a position as a Chaplain with Albright in or around September 2003, and thereafter was appointed Director of Albright College's Multi-Faith Center.

16.     At all times relevant hereto, Clark was a full-time, salaried employee of Albright.

17.     As being the College Chaplain, Clark was available to students, faculty, and employees for religious services and counseling services.

18.     While being the college Chaplain, Clark became aware of inappropriate actions, and inactions that were occurring on the campus of the defendant.

19.     One such instance involved a student where allegations arose as to expose improper behavior by a member of the faculty involving civil litigation and criminal challenges.

20.     As a result and of providing religious and personal counseling to the student in question, Clark was retaliated against for Chaplain's support and his service responsibility to the ecclesiastical practices, as a result Reverend Clark was retaliated against, demeaned, intimidated, his character assassinated and further defamed to other parties and forced out of the educational institution as wrongfully discharged from employment.

21.     On or around September 7, 2018, a meeting was convened without plaintiff's knowledge, and was met by five (5) Albright security guards at the Defendant College's President, Jacquelyn S. Fetrow's (hereinafter "FETROW) direction, to wit plaintiff was escorted to the President's office.

22.     Also in attendance of the meeting along with Plaintiff and Fetrow was Defendant College's Vice President, Samantha Wesner, and Human Resources Representative Santos.

23.     At this meeting, accusations were made against Clark without facts, intimidations and attacks on his character were levied, statements of falsity were made against Clark, Reverend Clark's integrity was questioned.

24.     At the end of the meeting, security was called to escort Clark to his office to get his keys to the office, the Kachel Chapel and the Multi-Faith Center and escorted the employee off campus.

25.     No facts were given to Reverend Clark, either orally or in writing, no notice of charges, or explaining and documenting why he was being placed on administrative leave and was escorted off campus.

26.     In direct conflict with Albright's employee handbook requiring notice and gradual disciplinary steps prior to discharge, no facts were ever placed in writing as for the reasons for Clark's termination.

27.     Reverend Clark was not subject to any prior performance and/or disciplinary actions.

28.     At a September 27, 2018, meeting, Clark received communications from Human Resources Director Kimberly Hubric in which she told Clark to retire, and encouraged Clark to leave his job.

29.     All communication from the Human Resources Director was full of threats geared towards forcing Clark to resign.

30.     At all times relevant hereto, Reverend Clark, was 67 years old and had already been collecting his retirement income from Social Security which he had selected turning age 66 and was continuing to work full-time and intended to continue with this employer, and selecting to retire from the Albright's employment was not relevant, and was only discussed with him after the results of the September 27, 2018 meeting when he was terminated from his employment.

31.     The VP Samantha Wesner with the consensus and/or in cooperation with President Fetrow conducted private communications between the Pennsylvania Southeast Conference United Church of Christ, namely to the reverend William P. Worley in exchanging private and privileged information with the intent to harm Reverend Clark's reputation and character, without permission, or following any disclosure or privacy guidelines breaching Reverend Clark's rights.

32.     Clark filed a complaint with the Pennsylvania Human Relations Commission (PHRC Case No.: 201803135,) and the Equal Employment Opportunity Commission (EEOC Case No.:530-2019-01290). The charge of discrimination was timely filed and included the discrimination complained of in this Complaint.

33.     The PHRC closed Clark's claim administratively and received a Notice of Right to Sue and Plaintiff has timely instituted this action.

## COUNT I

### PLAINTIFF vs. DEFENDANT
### DISCRIMINATION BASED ON AGE
### IN VIOLATION OF CIVIL RIGHTS

34.    Paragraphs 1 through 33 are incorporated herein as though fully set forth within this Count.

35.    Claimant was born 08/25/1951 and began employment with Albright College on or about September 1975 working as a full time library clerk until September 9, 2003 when he became the full time Chaplain for the College.

36.    At the time of the September 7, 2018, meeting, Clark was sixty-seven (67) years old.

37.    Although Clark was placed on administrative leave without pay, he had status of an employee when he requested in writing to review his personnel file October 10th, 2018, and wanting to determine what was in his file that was detrimental to his employment.

38.    Clark's request to view his personnel file was denied.

39.    On September 27th, 2018, in a discussion with Kimberly Hubric, Clark requested an appeal and to initiate a grievance procedure according to the policies and procedures of the employer to have his unpaid administrative leave reviewed, and the reasons for his change in employment status.

40.    This request was also refused.

41.    During conversations with Kimberly Hubric, she encouraged and subversively demanded that Clark retire.

42.     In a letter dated October 10, 2018, Clark made a written request to see the new job description which was promised to be given him, and this he would review before he had to comply with the Kimberly Hubric's, and Samantha Wesner's encouraged retirement.

43.     Albright College has an Employee Handbook which mandates the grievance procedure, which requires disclosure of misconduct, outlines the process of disclosure, and requires progressive counseling.

44.     Contrary to the employee handbook, no grievance process was afforded to Clark, which he had expectations of the Defendant to comply with the employer's policies and procedures.

45.     On or around December 10, 2018, Clark's supervisor, Samantha Wesner, VP of Student and Campus Life, issued a college-wide announcement that Reverend Clark retired from Albright College.

46.     Clark, although age 67, had no intentions to retire on his pension, nor quitting, or resigning, or leaving the employment of Albright College, and based upon the Employer's handbook, resignations require a written notice, and none were ever written, or verbally given to President Fetrow, Samantha Wesner, or to Kimberly Hubric.

47.     Clark was still placed on administrative unpaid leave on September 7, 2018.

48.     Clark is and was an ordained minister of the United Church of Christ, and as the Chaplain of Albright College, was active in ministerial and ecclesiastical affairs, counseled students, employees and faculty as part of his job duties during his employment, and was the Director of Albright College's Multi-Faith Center for a fifteen year period and remains an ordained minister to this date.

49.     Plaintiff's age was a central factor amongst management at the level of his position with the Employer.

50.     Plaintiff was treated differently because of his age and was constructively terminated from his position because he refused to retire from employment.

51.     Claimant had no ongoing work performance or review evaluations from his supervisor Samantha Wesner which would have provided any notice of poor performance.


**WHEREFORE,** Plaintiff requests this Honorable Court to enter judgment in his favor and against Defendant in an amount in excess of $500,000.00 for loss of wages, benefits, and other employee benefits, together with an award of any and all attorney fees, costs, expenses, and such other and further relief as this Court deems just and proper.


## COUNT II
## PLAINTIFF v. DEFENDANT
## DISCRIMINATION BASED ON RETALIATION AND HARASSMENT

52.     Paragraphs 1 through 51 are incorporated herein as though fully set forth within this Count.

53.     The defendant as plaintiff's employer made requirements of Clark which were not required of other employees in a trusted status with the College, including but not limited to: requiring back ground checks, finger printing, ethical courses of instruction with the attempt and design to intimidate, harass, humiliate, attack one's creditability and character.

54.     Despite Clark being on an accepted American with Disability Act accommodation with notice to the defendant to permit Clark from early work hours, such due to prescribed sleep habits from suffering seizure disorder and medication administration.   The defendant, by and

through President Fetrow would schedule early appointments for Clark reinforcing that he was denied reasonable accommodation.

55.     Plaintiff was harassed by President Fetrow, Samantha Wesner and Emily Santos, in meetings by lecturing Plaintiff that he could not be trusted, his integrity was lacking in the performance of his job as a Chaplain and minister of the faith.

**WHEREFORE**, Plaintiff requests this Honorable Court to enter judgment in his favor and against Defendant in an amount in excess of $500,000.00 for loss of wages, benefits, and other employee benefits, together with an award of any and all attorney fees, costs, expenses, and such other and further relief as this Court deems just and proper.

## COUNT III
## PLAINTIFF v. DEFENDANT
## DISCRIMINATION BASED ON RELIGION

56.     Paragraphs 1 through 55 are incorporated herein as though fully set forth within this Count.

57.     Part of Clark's duties and job responsibilities was as a Chaplain/Minister of the faith to students, employees and faculty. Such duties and responsibilities involved counseling and ecclesiastical confidences, including airing of complaints, behaviors, violations of rights, privacies, and privileges committed onto others.

58.     President Fetrow, VP Samantha Wesner and Emily Santos invaded the sanctity of the religious/privacy relationship of others and Reverend Clark in retaliation and the interference of his ministerial practices when defaming him, intimidation with the intent to harm particularly

as to conduct geared to harass him in the performance of his duties and responsibilities of the Chaplain's job. Specific mention is in retaliation when a student filed sexual misconduct charges against an individual and Albright College because of the counseling which Reverend Clark conducted in his responsibilities to his religious faith and duties as the manager of Albright College's Multi-Faith Center.

**WHEREFORE**, Plaintiff requests this Honorable Court to enter judgment in his favor and against Defendant in an amount in excess of $500,000.00 for loss of wages, benefits, and other employee benefits, together with an award of any and all attorney fees, costs, expenses, and such other and further relief as this Court deems just and proper.

## COUNT IV
## PLAINTIFF v. DEFENDANT
## VIOLATION OF AMERICANS WITH DISABILITIES ACT

59.     Paragraphs 1 through 58 are incorporated herein as though fully set forth within this Count.

60.     Clark suffers from a disability which effects one or more of the person's basic life functions in one's activities of daily living.

61.     Plaintiff suffers from seizures which requires care and treatment requiring modification of a person's awake time, sleep, and the administration of medications to control the seizure condition.

62.     Plaintiff submitted the College's requirement for accommodations on the job, in compliance, and did provide physician(s) documentation and such accommodation was accepted and continued with the Employer's awareness.

63.     Plaintiff is protected from interference with the accommodation provided by the ADA (American with Disabilities ACT).

64.     Section 12112(a) of The Americans with Disabilities Act states:

> "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment".

**WHEREFORE**, Plaintiff requests this Honorable Court to enter judgment in his favor and against Defendant in an amount in excess of $500,000.00 for loss of wages, benefits, and other employee benefits, together with an award of any and all attorney fees, costs, expenses, and such other and further relief as this Court deems just and proper.

## COUNT V
## PLAINTIFF v. DEFENDANT
## DISCRIMINATION BASED ON SEX

65.     Paragraphs 1 through 64 are incorporated herein as though fully set forth within this Count.

66.     Clark is a male and is a minority in the supervision, direction and control of the work environment where Clark must perform his job duties and responsibilities, where he was treated differently and outside of the female circle of control and privileges.

67.     During conducted meetings, two or more females were in attendance beginning on September 6, 2018, with the VP Samantha Wesner and her secretary Lisa Glenn, and subsequent meetings involving Reverend Clark, all conversations, issues, statements contained intimidating language, assertions, and actions were specifically against the male image and persons character, because of a prior issue where a complaint was filed by a female student against a male professor, narrowed the punishment and defamatory mischaracterization geared to point out the differences of female management and Clark.

**WHEREFORE,** Plaintiff requests this Honorable Court to enter judgment in his favor and against Defendant in an amount in excess of $500,000.00 for loss of wages, benefits, and other employee benefits, together with an award of any and all attorney fees, costs, expenses, and such other and further relief as this Court deems just and proper.

## COUNT VI
## PLAINTIFF v. DEFENDANT
## RETALIATORY DISCHARGE

68.     Paragraphs 1 through 67 are incorporated herein as though fully set forth within this Count.

69.     Plaintiff performed his job responsibilities and duties in a professional and dutiful manner as a Chaplain and Director of the Multi-Faith Center, and in so doing, counseled a student who was subjected to professional misconduct by a male faculty member, to which the student came forward and reported the violations to proper channels which resulted in the tarnishing of the College's public image and reputation.

70.     President Fetrow, VP Samantha Wesner and Emily Santos harassed, intimidated, and defamed Clark, declaring that he could not be 'trusted', 'lacked integrity', was interrogated and labeled in a demeaning manner, and his character attacked as confused and imbalanced, and further harassed by having multiple security guards escort the Reverend Clark off the premises.

71.     At all times relevant hereto, Clark properly performed his job duties and responsibilities which resulted in a whistle blower reporting, violative of his privacy rights and the institution condoning criminal acts, to which, Albright College its administrators, managers, and the President of the College, did in retaliation coerced and attempted without success to force Clark to resign, retire and go quietly out the door even though he performed his job.

72.     The three, President Fetrow, VP Samantha Wesner and Kimberly Hubric, in coordination, conjunction, and/or all condoned the efforts to harass, discriminate, treat differently, and retaliate against, and pursued defamatory remarks and slanderous information breaching the privacy of Clark in methodically and effectively terminating Clark from employment in retaliation of his dutiful and professional performance of his job.

**WHEREFORE**, Plaintiff requests this Honorable Court to enter judgment in his favor and against Defendant in an amount in excess of $500,000.00 for loss of wages, benefits, and other employee benefits, together with an award of any and all attorney fees, costs, expenses, and such other and further relief as this Court deems just and proper.

DATE  6/13/2019

Respectfully submitted,

Stanley J. Brassington, Esquire
Attorney for Plaintiff Reverend Paul Clark
Pa Attorney ID #52302
120 East Main Street
Schuylkill Haven, PA. 17972
P (570) 385-5500
F (570) 385-3883